EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
RICARDO JEANTILUS,

                                        Plaintiff,

                    -against-

J.B. HUNT TRANSPORT SERVICES INC, C & S
WHOLESALE GROCERS INC AND JOHN DOE,
fictitious name as true name is unknown to the plaintiff at
this time,

                                        Defendants,
--------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Plaintiffs residence

Plaintiff resides at:
114-58 211st Street
Cambria Heights, NY 11411

County of Queens.

## To the above named Defendants:

  **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  Brooklyn, New York
    October 27, 2021

AKIVA OFSHTEIN, ESQ
OFSHTEIN LAW FIRM, P. C.
Attorneys for Plaintiff
RICARDO JEANTILUS
15 Bay 29th Street, 2nd Floor
Brooklyn, New York 11214
(718) 455-5252
Our File No. 20MVX7089

TO:

J.B. HUNT TRANSPORT SERVICES INC
615 J.B. HUNT CORPORATE DRIVE
LOWELL, AR 72745

C & S WHOLESALE GROCERS INC
160 Fieldcrest Avenue
Edison, NJ 08837

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:
Date Purchased:

----------------------------------------------------------------------X

RICARDO JEANTILUS,

**VERIFIED COMPLAINT**

Plaintiff,

-against-

J.B. HUNT TRANSPORT SERVICES INC, C & S
WHOLESALE GROCERS INC AND JOHN DOE,
fictitious name as true name is unknown to the plaintiff at
this time,

Defendants,

----------------------------------------------------------------------X

Plaintiff, RICARDO JEANTILUS, by his attorneys, **OFSHTEIN LAW FIRM, P. C.**,

complaining of the Defendants, J.B. HUNT TRANSPORT SERVICES INC, C & S

WHOLESALE GROCERS INC AND JOHN DOE, fictitious name as true name is unknown to

the plaintiff at this time, respectfully alleges, upon information and belief:

1.      At all times herein mentioned, Plaintiff, **RICARDO JEANTILUS**, was and still is a

resident of the County of Queens, City and State of New York.

2.      At all times herein mentioned, Defendant, **JOHN DOE**, was and still is a resident of

the County of Bronx, City and State of New York.

3.      At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT**

**SERVICES INC,** was and still  is a domestic corporation duly organized and existing under and

by virtue of the laws of the State of Arkansas, with a principal office in Benton County.

4

INDEX NO. 724911/2021
RECEIVED NYSCEF: 11/08/2021

Case 1:22-cv-04211-KPF Document 1-2 Filed 03/17/22 Page 5 of 32

4. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal office in Middleton County.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## J.B. HUNT TRANSPORT SERVICES INC

5. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a professional corporation duly organized and existing under and by virtue of the laws of the State of Arkansas.

6. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly authorized foreign corporation doing business in the State of New York.

7. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly authorized foreign corporation transacting business in the State of New York.

8. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** does and/or solicits business within the State of New York.

9. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** derives substantial revenue from goods used or consumed or services rendered in the State of New York.

5

10.     At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

11.     At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** derives substantial revenues from interstate or international commerce.

12.     At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

13.     At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly authorized foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

14.     At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly organized general partnership existing and doing business under and by virtue of the laws of the State of New York.

15.     At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly organized limited partnership existing and doing business under and by virtue of the laws of the State of New York.

16.     At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still a duly organized proprietorship existing and doing business under the laws of the State of New York.

6

Case 1:22-cv-04211-KPF   Document 1-2   Filed 03/17/22   Page 7 of 32

17.     That on November 21, 2020, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was the registered owner of a Freightliner, motor vehicle bearing State of Maine registration number 2563854.

18.     That on November 21, 2020, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was the lessor of a Freightliner, bearing State of Maine registration number 2563854.

19.     That on November 21, 2020, Defendant, **J.B. HUNT TRANSPORT SERVICES INC**, was the lessee of a Freightliner, bearing State of Maine registration number 2563854

20.     That on November 21, 2020, Defendant, **JOHN DOE**, was the operator of a Freightliner, bearing State of Maine registration number 2563854.

21.     That on November 21, 2020, Defendant, **JOHN DOE**, was controlling the Freightliner, bearing State of Maine registration number 2563854.

22.     That on November 21, 2020, Defendant, **JOHN DOE**, was controlling the Freightliner, bearing State of Maine registration number 2563854, with the knowledge of defendant owner.

23.     That on November 21, 2020, Defendant, **JOHN DOE**, was operating and controlling a Freightliner, bearing State of Maine registration number 2563854 on Broadway at its intersection with West 96th Street, New York, New York.

24.     That on November 21, 2020, Defendant, **JOHN DOE**, was operating and controlling the Freightliner, bearing State of Maine registration number 2563854.within the scope of his employment.

7

25.    At the aforesaid date and place, Plaintiff, **RICARDO JEANTILUS,** was lawfully operating a 2012 BMW, bearing State of New York registration number MUD3897, when defendants' motor vehicle forcibly, without warning struck the plaintiff's vehicle at the aforementioned location and left the scene.

26.    That as a result of the aforesaid contact, Plaintiff, **RICARDO JEANTILUS,** was injured.

27.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

28.    That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

29.    That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, sustained severe and permanent personal injuries and was otherwise damaged.

30.    That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

31.    That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

32.    That Plaintiff, **RICARDO JEANTILUS**, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is

8

obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

33.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

34.     That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS C & S WHOLESALE GROCERS INC

35.     At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a professional corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

36.     At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly authorized foreign corporation doing business in the State of New York.

37.     At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly authorized foreign corporation transacting business in the State of New York.

38.     At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** does and/or solicits business within the State of New York.

39.     At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC** derives substantial revenue from goods used or consumed or services rendered in the State

9

Case 1:22-cv-04211-KPF   Document 1-2   Filed 03/17/22   Page 10 of 32

of New York.

     40.    At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

     41.    At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** derives substantial revenues from interstate or international commerce.

     42.    At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

     43.    At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly authorized foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

     44.    At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly organized general partnership existing and doing business under and by virtue of the laws of the State of New York.

     45.    At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly organized limited partnership existing and doing business under and by virtue of the laws of the State of New York.

     46.    At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still a duly organized proprietorship existing and doing business under the laws of the State of New York.

     47.    That on November 21, 2020, Defendant, **C & S WHOLESALE GROCERS**

10

**INC,** was the registered owner of a Freightliner, motor vehicle bearing State of Maine registration number 2563854.

48.    That on November 21, 2020, Defendant, **C & S WHOLESALE GROCERS INC,** was the lessor of a Freightliner, bearing State of Maine registration number 2563854.

49.    That on November 21, 2020, Defendant, **C & S WHOLESALE GROCERS INC**, was the lessee of a Freightliner, bearing State of Maine registration number 2563854

50.    That on November 21, 2020, Defendant, **JOHN DOE**, was the operator of a Freightliner, bearing State of Maine registration number 2563854.

51.    That on November 21, 2020, Defendant, **JOHN DOE**, was controlling the Freightliner, bearing State of Maine registration number 2563854.

52.    That on November 21, 2020, Defendant, **JOHN DOE**, was controlling the Freightliner, bearing State of Maine registration number 2563854, with the knowledge of defendant owner.

53.    That on November 21, 2020, Defendant, **JOHN DOE**, was operating and controlling a Freightliner, bearing State of Maine registration number 2563854 on Broadway at its intersection with West 96th Street, New York, New York.

54.    That on November 21, 2020, Defendant, **JOHN DOE**, was operating and controlling the Freightliner, bearing State of Maine registration number 2563854.within the scope of his employment.

55.    At the aforesaid date and place, Plaintiff, **RICARDO JEANTILUS,** was lawfully operating a 2012 BMW, bearing State of New York registration number MUD3897, when defendants' motor vehicle forcibly, without warning  struck the plaintiff's vehicle at the

11

aforementioned location and left the scene.

56.     That as a result of the aforesaid contact, Plaintiff, **RICARDO JEANTILUS,** was injured.

57.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

58.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

59.     That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, sustained severe and permanent personal injuries and was otherwise damaged.

60.     That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

61.     That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

62.     That Plaintiff, **RICARDO JEANTILUS**, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

12

63.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

64.     That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, **RICARDO JEANTILUS**, demands judgment against the Defendants, **J.B. HUNT TRANSPORT SERVICES INC,** and **JOHN DOE**, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      Brooklyn, New York
            September 17, 2021

_____
AKIVA OFSHTEIN, ESQ
OFSHTEIN LAW FIRM, P. C.
Attorneys for Plaintiff
RICARDO JEANTILUS
15 Bay 29th Street, 2nd Floor
Brooklyn, New York 11214
(718) 455-5252
Our File No. 21MVX7748

13

Case 1:22-cv-04211-KPF   Document 1-2   Filed 03/17/22   Page 14 of 32

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of New York State, states that I am the attorney of record for the Plaintiff, RICARDO JEANTILUS, in the within action; I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe same to be true. This verification is made by affirmant because the above-named plaintiff is not within and/or does not maintain a principle place of business in the County of Kings, wherein this office is located. The grounds of belief as to all matters not stated upon personal knowledge are information contained in the office file, investigation and/or conversations with the above-named plaintiff.

I affirm the foregoing statement is true, under the penalty of perjury.

Dated: Brooklyn, New York
September 17, 2021

AKIVA OFSHTEIN, ESQ.

15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x

RICARDO JEANTILUS,                                    Index No.: 724911/2021

                        Plaintiff,                    **VERIFIED ANSWER TO**
                                                      **VERIFIED COMPLAINT**

        - against -

J.B. HUNT TRANSPORT SERVICES, INC.,
C & S WHOLESALE GROCERS INC.
and JOHN DOE, (fictitious name as true name
is unknown to the plaintiff at this time,

                        Defendants.
-------------------------------------------------------------------x

        Defendant J.B. HUNT TRANSPORT, INC. i/s/h/a "J.B. HUNT TRANSPORT SERVICES,

INC.", by and through its attorneys, GALLO VITUCCI KLAR LLP answering the Verified

Complaint of Plaintiff, respectfully states and alleges, upon information and belief as follows:

        1.      Denies any knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs "1", "2", "3" and "4" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION
### AGAINST DEFENDANT J.B. HUNT TRANSPORT SERVICES INC.

        2.      Denies each and every allegation contained in paragraphs "5", "12", "13", "14",

"15", "16", "18", "19", "25", "26", "27", "28", "29", "32" and "34" of the Verified Complaint.

        3.      Denies any knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs "6", "7", "8", "9", "10", "11", "17", "20", "21", "22", "23" and "24" of

the Verified Complaint.

        4.      Denies each and every allegation contained in paragraphs "30", "31" and "33" of

the Verified Complaint, and respectfully refers all questions of law to the Honorable Court at the

time of trial of this matter.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION
AGAINST DEFENDANT C & S WHOLESALE GROCERS INC.**

5.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53" and "54" of the Verified Complaint.

6.     Denies each and every allegation contained in paragraphs "55", "56", "57", "58", "59", "62" and "64" of the Verified Complaint.

7.     Denies each and every allegation contained in paragraphs "60", "61" and "63" of the Verified Complaint, and respectfully refers all questions of law to the Honorable Court at the time of trial of this matter.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

8.     That any injuries and/or damages sustained by the Plaintiff, as alleged in the Verified Complaint therein, were caused in whole or in part by the contributory negligence, negligence *per se* and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of the answering Defendant.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

9.     The Defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.     Pursuant to CPLR 4545, if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event, the answering Defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11.     Pursuant to CPLR Article 16, the liability of Defendant, if any, to the Plaintiff for non-economic loss is limited to his equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12.     A.      The accident described in the Plaintiff's Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the

State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B.      The Plaintiff did not sustain a serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13.     That by entering into the activity in which the Plaintiff were engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by her in performing and engaging in said activities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14.     This action may not be maintained because of Plaintiff's failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15.     The Verified Complaint fails to state a cause of action, cognizable in equity or law against this answering Defendant and must therefore be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16.     The Plaintiff's Verified Complaint should be dismissed since the claims against Defendant is frivolous; and costs and attorneys' fees should be awarded to Defendant pursuant to CPLR §8303-a.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

17.     Plaintiff is bound by the provisions of the Workers' Compensation Law of the State of New York and, by virtue of the statutes therein, contained is restricted and limited to recovery under the provisions of said Law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

18.     The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

19.     The Plaintiff failed to use safety devices available to the Plaintiff at the time of the events alleged in the Plaintiff's Verified Complaint and the Plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by the Plaintiff.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

20.     The lawsuit was not commenced by the Plaintiff within the time prescribed by law and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

21.     The answering Defendant bear no responsibility for the incident complained of, which was caused entirely by the unforeseeable, superseding intervening acts of third parties over which the answering Defendant exercised no control.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

22.     There exists complete diversity of citizenship.

**WHEREFORE**, Defendant J.B. HUNT TRANSPORT, INC. i/s/h/a "J.B. HUNT TRANSPORT SERVICES, INC." demands judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
      February 2, 2022

                    Yours etc.,

                    GALLO VITUCCI KLAR LLP

                    _____
                    By:    Heather C. Ragone, Esq.
                    *Attorneys for Defendant*
                    *J.B. Hunt Transport, Inc.*
                    *i/s/h/a J.B. Hunt Transport Services, Inc.*
                    90 Broad Street, 12th Floor
                    New York, New York 10004
                    (212) 683-7100
                    Email: hragone@gvlaw.com

TO:    OFSHTEIN LAW FIRM, P.C.
         *Attorney for Plaintiff*
         *Ricardo Jeantilus*
         15 Bay 29th Street, 2nd Floor
         Brooklyn, New York 11214
         (718) 455-5252

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF NEW YORK   )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is a member with the firm of GALLO VITUCCI KLAR LLP attorneys for Defendant J.B. HUNT TRANSPORT, INC. i/s/h/a J.B. HUNT TRANSPORT SERVICES, INC.

That she has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters she believes them to be true.

That the reason why this Verification is made by your deponent and not by the Defendant is that said party resides outside the county in which your deponent maintains her office.

That the source of your deponent's information and the grounds of her belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
        February 2, 2022

_____
HEATHER C. RAGONE

## <u>AFFIDAVIT OF SERVICE VIA NYSCEF</u>

   Claudette Garraud, being duly sworn, deposes and says that she is not a party to the within action, is over the age of 18 years and resides in the County of Queens, and that on the on the 2nd day of February, 2022 served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon all parties as appearing on the Supreme Court, State of New York Electronic Filing Website, at the e-mail addresses designated by said parties in this matter for that purpose.

OFSHTEIN LAW FIRM, P.C.
*Attorney for Plaintiff*
*Ricardo Jeantilus*
15 Bay 29th Street, 2nd Floor
Brooklyn, New York 11214
(718) 455-5252

              _____
                 Claudette Garraud

Sworn to before me this
2nd day of February, 2022

_____
   Notary Public

**Mary Thompson**
**Notary Public – State of New York**
**No. 01TH6044466**
**Qualified in Richmond County**
**Commission Expires on July 3, 2022**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                    Index No.: 724911/2021

RICARDO JEANTILUS,

                    Plaintiff,

      - against -

J.B. HUNT TRANSPORT SERVICES, INC.,
C & S WHOLESALE GROCERS INC.
and JOHN DOE, (fictitious name as true name
is unknown to the plaintiff at this time,

                    Defendants.

**VERIFIED ANSWER TO VERIFIED COMPLAINT**

GALLO VITUCCI KLAR LLP
*Attorneys for Defendant*
*J.B. Hunt Transport, Inc. i/s/h/a J.B. Hunt Transport Services, Inc.*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Email: hragone@gvlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x

RICARDO JEANTILUS,                                    Index No.: 724911/2021

                        Plaintiff,                    **VERIFIED ANSWER TO**
                                                      **VERIFIED COMPLAINT**

            - against -

J.B. HUNT TRANSPORT SERVICES, INC.,
C & S WHOLESALE GROCERS INC.
and JOHN DOE, (fictitious name as true name
is unknown to the plaintiff at this time,

                        Defendants.
------------------------------------------------------------------x

Defendant C & S WHOLESALE GROCERS INC., by and through its attorneys, GALLO

VITUCCI KLAR LLP answering the Verified Complaint of Plaintiff, respectfully states and

alleges, upon information and belief as follows:

1.      Denies any knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs "1", "2", "3" and "4" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION
### AGAINST DEFENDANT J.B. HUNT TRANSPORT SERVICES INC.

2.      Denies any knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17",

"18", "19", "20", "21", "22", "23" and "24" of the Verified Complaint.

3.      Denies each and every allegation contained in paragraphs "25", "26", "27", "28",

"29", "32" and "34" of the Verified Complaint.

4.      Denies each and every allegation contained in paragraphs "30", "31" and "33" of

the Verified Complaint, and respectfully refers all questions of law to the Honorable Court at the

time of trial of this matter.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION
## AGAINST DEFENDANT C & S WHOLESALE GROCERS INC.

5.      Denies each and every allegation contained in paragraphs "35", "42", "43", "44", "45", "55", "56", "57", "58", "59", "62" and "64" of the Verified Complaint.

6.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "36", "37", "38", "39", "40", "41", "46", "47", "48", "49", "50", "51", "52", "53" and "54" of the Verified Complaint.

7.      Denies each and every allegation contained in paragraphs "60", "61" and "63" of the Verified Complaint, and respectfully refers all questions of law to the Honorable Court at the time of trial of this matter.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.      That any injuries and/or damages sustained by the Plaintiff, as alleged in the Verified Complaint therein, were caused in whole or in part by the contributory negligence, negligence *per se* and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of the answering Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.      The Defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.     Pursuant to CPLR 4545, if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event, the answering Defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11.     Pursuant to CPLR Article 16, the liability of Defendant, if any, to the Plaintiff for non-economic loss is limited to his equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12.     A.     The accident described in the Plaintiff's Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the

State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B.      The Plaintiff did not sustain a serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13.     That by entering into the activity in which the Plaintiff were engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by her in performing and engaging in said activities.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14.     This action may not be maintained because of Plaintiff's failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15.     The Verified Complaint fails to state a cause of action, cognizable in equity or law against this answering Defendant and must therefore be dismissed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16.     The Plaintiff's Verified Complaint should be dismissed since the claims against Defendant is frivolous; and costs and attorneys' fees should be awarded to Defendant pursuant to CPLR §8303-a.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

17.    Plaintiff is bound by the provisions of the Workers' Compensation Law of the State of New York and, by virtue of the statutes therein, contained is restricted and limited to recovery under the provisions of said Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

18.    The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19.    The Plaintiff failed to use safety devices available to the Plaintiff at the time of the events alleged in the Plaintiff's Verified Complaint and the Plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

20.    The lawsuit was not commenced by the Plaintiff within the time prescribed by law and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

21.    The answering Defendant bear no responsibility for the incident complained of, which was caused entirely by the unforeseeable, superseding intervening acts of third parties over which the answering Defendant exercised no control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

22.    There exists complete diversity of citizenship.

**WHEREFORE**, Defendant C & S WHOLESALE GROCERS INC. demands judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
      February 4, 2022

                        Yours etc.,

                        GALLO VITUCCI KLAR LLP

                        _____
                        By:     Heather C. Ragone, Esq.
                        *Attorneys for Defendant*
                        *C & S Wholesale Grocers Inc.*
                        90 Broad Street, 12th Floor
                        New York, New York 10004
                        (212) 683-7100
                        Email: hragone@gvlaw.com

TO:     OFSHTEIN LAW FIRM, P.C.
           *Attorney for Plaintiff*
           *Ricardo Jeantilus*
           15 Bay 29th Street, 2nd Floor
           Brooklyn, New York 11214
           (718) 455-5252

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK     )
                                  ) ss.:
COUNTY OF NEW YORK   )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is a member with the firm of GALLO VITUCCI KLAR LLP attorneys for Defendant C & S WHOLESALE GROCERS INC.

That she has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters she believes them to be true.

That the reason why this Verification is made by your deponent and not by the Defendant is that said party resides outside the county in which your deponent maintains her office.

That the source of your deponent's information and the grounds of her belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
        February 4, 2022

_____
HEATHER C. RAGONE

## <u>AFFIDAVIT OF SERVICE VIA NYSCEF</u>

Claudette Garraud, being duly sworn, deposes and says that she is not a party to the within action, is over the age of 18 years and resides in the County of Queens, and that on the on the 4th day of February, 2022 served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon all parties as appearing on the Supreme Court, State of New York Electronic Filing Website, at the e-mail addresses designated by said parties in this matter for that purpose.

OFSHTEIN LAW FIRM, P.C.
*Attorney for Plaintiff*
*Ricardo Jeantilus*
15 Bay 29th Street, 2nd Floor
Brooklyn, New York 11214
(718) 455-5252

_____
Claudette Garraud

Sworn to before me this
4th day of February, 2022

_____
Notary Public

---

**Mary Thompson**
**Notary Public – State of New York**
**No. 01TH6044466**
**Qualified in Richmond County**
**Commission Expires on July 3, 2022**

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                     Index No.: 724911/2021

RICARDO JEANTILUS,

                        Plaintiff,

           - against -

J.B. HUNT TRANSPORT SERVICES, INC.,
C & S WHOLESALE GROCERS INC.
and JOHN DOE, (fictitious name as true name
is unknown to the plaintiff at this time,

                        Defendants.

### VERIFIED ANSWER TO VERIFIED COMPLAINT

GALLO VITUCCI KLAR LLP
*Attorneys for Defendant*
*C & S Wholesale Grocers Inc.*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Email: hragone@gvlaw.com