UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

Docket# 1:22-cv-01478-AMD-LB

-----------------------------------------------------------------X

RICARDO JEANTILUS,

**AMENDED VERIFIED COMPLAINT**

Plaintiff,

-against-

J.B. HUNT TRANSPORT SERVICES INC, C & S WHOLESALE GROCERS INC AND MIKE A. TODD,

Defendants,

-----------------------------------------------------------------X

Plaintiff, RICARDO JEANTILUS, by his attorneys, **OFSHTEIN LAW FIRM, P. C.**, complaining of the Defendants, J.B. HUNT TRANSPORT SERVICES INC, C & S WHOLESALE GROCERS INC AND MIKE A. TODD, respectfully alleges, upon information and belief:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, RICARDO JEANTILUS, is a natural person who resides, and resided at all times relevant to this action, in the County of Queens, State of New York. Plaintiff is a citizen of the Untied States of America,

2. Defendant J.B. HUNT TRANSPORT SERVICES INC, is a Limited Liability Company existing under and by virtue of the laws of the State of Arkansas, with its principal place of business in Lowell, Arkansas.

3. Defendant C & S WHOLESALE GROCERS INC, is a Limited Liability Company existing under and by virtue of the laws of the State of New Jersey, with its principal place of business in Edison, New Jersey.

3. At all times herein mentioned, Defendant, **MIKE A. TODD**, was and still is a resident of the County of Fairfield, City and State of Connecticut. Upon information and belief Defendant is a citizen of the United State of America.

4. Jurisdiction exists under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is properly laid in the Eastern District of New York because plaintiff RICARDO JEANTILUS, resides therein.

6. Jury trial is demanded as to all causes of action in this Complaint.

7. At all times herein mentioned, Plaintiff, **RICARDO JEANTILUS**, was and still is a resident of the County of Queens, City and State of New York.

8. At all times herein mentioned, Defendant, **MIKE A. TODD**, was and still is a resident of the County of Fairfield, City and State of Connecticut.

9. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of Arkansas, with a principal office in Benton County.

### STATEMENT OF FACTS AS TO DEFENDANTS
### J.B. HUNT TRANSPORT SERVICES INC AND MIKE A. TODD

10. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT**

**SERVICES INC,** was and still is a professional corporation duly organized and existing under and by virtue of the laws of the State of Arkansas.

11. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly authorized foreign corporation doing business in the State of New York.

12. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly authorized foreign corporation transacting business in the State of New York.

13. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** does and/or solicits business within the State of New York.

14. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** derives substantial revenue from goods used or consumed or services rendered in the State of New York.

15. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

16. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** derives substantial revenues from interstate or international commerce.

17. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

18. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly authorized foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

19. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly organized general partnership existing and doing business under and by virtue of the laws of the State of New York.

20. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still is a duly organized limited partnership existing and doing business under and by virtue of the laws of the State of New York.

21. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was and still a duly organized proprietorship existing and doing business under the laws of the State of New York.

22. That on November 21, 2020, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was the registered owner of a Freightliner, motor vehicle bearing State of Maine registration number 2563854.

23. That on November 21, 2020, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was the lessor of a Freightliner, bearing State of Maine registration number 2563854.

24. That on November 21, 2020, Defendant, **J.B. HUNT TRANSPORT SERVICES INC,** was the lessee of a Freightliner, bearing State of Maine registration number 2563854

25. That on November 21, 2020, Defendant, **MIKE A. TODD,** was the operator of a Freightliner, bearing State of Maine registration number 2563854.

26. That on November 21, 2020, Defendant, **MIKE A. TODD,** was controlling the

Freightliner, bearing State of Maine registration number 2563854.

27. That on November 21, 2020, Defendant, **MIKE A. TODD**, was controlling the Freightliner, bearing State of Maine registration number 2563854, with the knowledge of defendant owner.

28. That on November 21, 2020, Defendant, **MIKE A. TODD**, was operating and controlling a Freightliner, bearing State of Maine registration number 2563854 on Broadway at its intersection with West 96th Street, New York, New York.

29. That on November 21, 2020, Defendant, **MIKE A. TODD**, was operating and controlling the Freightliner, bearing State of Maine registration number 2563854.within the scope of his employment.

30. At the aforesaid date and place, Plaintiff, **RICARDO JEANTILUS,** was lawfully operating a 2012 BMW, bearing State of New York registration number MUD3897, when defendants' motor vehicle forcibly, without warning struck the plaintiff's vehicle at the aforementioned location and left the scene.

31. That as a result of the aforesaid contact, Plaintiff, **RICARDO JEANTILUS,** was injured.

32. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

33. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

34. That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, sustained severe and permanent personal injuries and was otherwise damaged.

35. That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

36. That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

37. That Plaintiff, **RICARDO JEANTILUS**, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

38. That this action falls within one or more of the exceptions set forth in CPLR §1602.

39. That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### STATEMENT OF FACTS AS TO DEFENDANTS
### C & S WHOLESALE GROCERS INC SERVICES INC AND MIKE A. TODD

40. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC**, was and still is a professional corporation duly organized and existing under and by virtue

of the laws of the State of New Jersey.

41. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly authorized foreign corporation doing business in the State of New York.

42. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly authorized foreign corporation transacting business in the State of New York.

43. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** does and/or solicits business within the State of New York.

44. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC** derives substantial revenue from goods used or consumed or services rendered in the State of New York.

45. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

46. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** derives substantial revenues from interstate or international commerce.

47. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

48. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly authorized foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

49. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly organized general partnership existing and doing business under and by virtue of the laws of the State of New York.

50. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still is a duly organized limited partnership existing and doing business under and by virtue of the laws of the State of New York.

51. At all times herein mentioned, Defendant, **C & S WHOLESALE GROCERS INC,** was and still a duly organized proprietorship existing and doing business under the laws of the State of New York.

52. That on November 21, 2020, Defendant, **C & S WHOLESALE GROCERS INC,** was the registered owner of a Freightliner, motor vehicle bearing State of Maine registration number 2563854.

53. That on November 21, 2020, Defendant, **C & S WHOLESALE GROCERS INC,** was the lessor of a Freightliner, bearing State of Maine registration number 2563854.

54. That on November 21, 2020, Defendant, **C & S WHOLESALE GROCERS INC,** was the lessee of a Freightliner, bearing State of Maine registration number 2563854

55. That on November 21, 2020, Defendant, **MIKE A. TODD,** was the operator of a Freightliner, bearing State of Maine registration number 2563854.

56. That on November 21, 2020, Defendant, **MIKE A. TODD,** was controlling the

Freightliner, bearing State of Maine registration number 2563854.

57. That on November 21, 2020, Defendant, **MIKE A. TODD**, was controlling the Freightliner, bearing State of Maine registration number 2563854, with the knowledge of defendant owner.

58. That on November 21, 2020, Defendant, **MIKE A. TODD**, was operating and controlling a Freightliner, bearing State of Maine registration number 2563854 on Broadway at its intersection with West 96th Street, New York, New York.

59. That on November 21, 2020, Defendant, **MIKE A. TODD**, was operating and controlling the Freightliner, bearing State of Maine registration number 2563854.within the scope of his employment.

60. At the aforesaid date and place, Plaintiff, **RICARDO JEANTILUS,** was lawfully operating a 2012 BMW, bearing State of New York registration number MUD3897, when defendants' motor vehicle forcibly, without warning struck the plaintiff's vehicle at the aforementioned location and left the scene.

61. That as a result of the aforesaid contact, Plaintiff, **RICARDO JEANTILUS,** was injured.

62. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

63. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

64. That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, sustained severe and permanent personal injuries and was otherwise damaged.

65. That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

66. That Plaintiff, **RICARDO JEANTILUS**, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

67. That Plaintiff, **RICARDO JEANTILUS**, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

68. That this action falls within one or more of the exceptions set forth in CPLR §1602.

69. That by reason of the foregoing, Plaintiff, **RICARDO JEANTILUS**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, **RICARDO JEANTILUS**, demands judgment against the Defendants, **J.B. HUNT TRANSPORT SERVICES INC, C & S WHOLESALE GROCERS INC AND MIKE A. TODD**, in a sum exceeding the jurisdictional limits of all lower courts

which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:  Brooklyn, New York
        May 10, 2022

_____
AKIVA OFSHTEIN, ESQ
OFSHTEIN LAW FIRM, P. C.
Attorneys for Plaintiff
RICARDO JEANTILUS
15 Bay 29th Street, 2nd Floor
Brooklyn, New York 11214
(718) 455-5252
Our File No. 20MVX7089

TO:

J.B. HUNT TRANSPORT SERVICES INC
615 J.B. HUNT CORPORATE DRIVE
LOWELL, AR 72745

C & S WHOLESALE GROCERS INC
160 Fieldcrest Avenue
Edison, NJ 08837

MIKE A. TODD
224 Robin Street
Bridgeport, CT 06606

## VERIFICATION

STATE OF NEW YORK)ss:
COUNTY OF KINGS)

**RICARDO JEANTILUS,** being duly sworn, deposes and says that deponent is the claimant in the within action; that deponent has read the foregoing **AMENDED COMPLAINT,** and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

X _____

Sworn to before me this 10th
day of May, 2022

Eugene Kazakevich
Commissioner of Deeds
City of New York, No. 5-1863
Cert. Filed in Richmond County
Commission Expires on May 01, 2025

Notary Public, State of New York