UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RICARDO JEANTILUS,                                    Case No.: 1:22-cv-04211

                       Plaintiff,                   **VERIFIED ANSWER TO**
                                                      **SECOND AMENDED**
        - against -                                **VERIFIED COMPLAINT**

J.B. HUNT TRANSPORT SERVICES, INC., C & S
WHOLESALE GROCERS INC. AND MIKE A. TODD,

                          Defendants.
------------------------------------------------------------------------x

Defendants J.B. HUNT TRANSPORT SERVICES, INC., C & S WHOLESALE

GROCERS INC. and MIKE A TODD, by and through their attorneys, GALLO VITUCCI KLAR

LLP, answering the Second Amended Verified Complaint of Plaintiff, respectfully state and allege,

upon information and belief as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Deny any knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph "1" of the Second Amended Verified Complaint.

2.     Deny each and every allegation contained in Paragraph "2" of the Second Amended

Verified Complaint.

3.     Deny each and every allegation contained in Paragraph "3 (first)" of the Second

Amended Verified Complaint.

3.     Admit the allegations contained in Paragraph "3 (second)" of the Second Amended

Verified Complaint.

4.     Admit the allegations contained in Paragraph "4" of the Second Amended Verified

Complaint.

5.     Deny each and every allegation contained in Paragraph "5" of the Second Amended

Verified Complaint.

6.      Admit the allegations contained in Paragraph "6" of the Second Amended Verified Complaint.

7.      Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "7" of the Second Amended Verified Complaint.

8.      Admit the allegations contained in Paragraph "8" of the Second Amended Verified Complaint.

9.      Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of the Second Amended Verified Complaint.

## AS AND FOR A RESPONSE TO STATEMENT OF FACTS AS TO DEFENDANTS J.B. HUNT TRANSPORT SERVICES INC. AND MIKE A. TODD

10.     Deny each and every allegation contained in Paragraph "10" of the Second Amended Verified Complaint.

11.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of the Second Amended Verified Complaint.

12.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "12" of the Second Amended Verified Complaint.

13.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13" of the Second Amended Verified Complaint.

14.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "14" of the Second Amended Verified Complaint.

15.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of the Second Amended Verified Complaint.

16.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "16" of the Second Amended Verified Complaint.

17.     Deny each and every allegation contained in Paragraph "17" of the Second Amended Verified Complaint.

18.     Deny each and every allegation contained in Paragraph "18" of the Second Amended Verified Complaint.

19.     Deny each and every allegation contained in Paragraph "19" of the Second Amended Verified Complaint.

20.     Deny each and every allegation contained in Paragraph "20" of the Second Amended Verified Complaint.

21.     Deny each and every allegation contained in Paragraph "21" of the Second Amended Verified Complaint.

22.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "22" of the Second Amended Verified Complaint.

23.     Deny each and every allegation contained in Paragraph "23" of the Second Amended Verified Complaint.

24.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "24" of the Second Amended Verified Complaint.

25.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "25" of the Second Amended Verified Complaint.

26.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "26" of the Second Amended Verified Complaint.

27.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27" of the Second Amended Verified Complaint.

28.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "28" of the Second Amended Verified Complaint.

29.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "29" of the Second Amended Verified Complaint.

30.     Deny each and every allegation contained in Paragraph "30" of the Second Amended Verified Complaint.

31.     Deny each and every allegation contained in Paragraph "31" of the Second Amended Verified Complaint.

32.     Deny each and every allegation contained in Paragraph "32" of the Second Amended Verified Complaint.

33.     Deny each and every allegation contained in Paragraph "33" of the Second Amended Verified Complaint.

34.     Deny each and every allegation contained in Paragraph "34" of the Second Amended Verified Complaint.

35.     Deny each and every allegation contained in Paragraph "35" of the Second Amended Verified Complaint and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

36.     Deny each and every allegation contained in Paragraph "36" of the Second Amended Verified Complaint and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

37.     Deny each and every allegation contained in Paragraph "37" of the Second Amended Verified Complaint.

38.     Deny each and every allegation contained in Paragraph "38" of the Second Amended Verified Complaint and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

39.     Deny each and every allegation contained in Paragraph "39" of the Second

Amended Verified Complaint.

## AS AND FOR A RESPONSE TO STATEMENT OF FACTS AS TO DEFENDANTS C & S WHOLESALE GROCERS INC. AND MIKE A. TODD

40.     Deny each and every allegation contained in Paragraph "40" of the Second Amended Verified Complaint.

41.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "41" of the Second Amended Verified Complaint.

42.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "42" of the Second Amended Verified Complaint.

43.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "43" of the Second Amended Verified Complaint.

44.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "44" of the Second Amended Verified Complaint.

45.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "45" of the Second Amended Verified Complaint.

46.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "46" of the Second Amended Verified Complaint.

47.     Deny each and every allegation contained in Paragraph "47" of the Second Amended Verified Complaint.

48.     Deny each and every allegation contained in Paragraph "48" of the Second Amended Verified Complaint.

49.     Deny each and every allegation contained in Paragraph "49" of the Second Amended Verified Complaint.

50.     Deny each and every allegation contained in Paragraph "50" of the Second

Amended Verified Complaint.

51.    Deny each and every allegation contained in Paragraph "51" of the Second Amended Verified Complaint.

52.    Deny each and every allegation contained in Paragraph"52" of the Second Amended Verified Complaint.

53.    Deny each and every allegation contained in Paragraph "53" of the Second Amended Verified Complaint.

54.    Deny each and every allegation contained in Paragraph "54" of the Second Amended Verified Complaint.

55.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "55" of the Second Amended Verified Complaint.

56.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "56" of the Second Amended Verified Complaint.

57.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "57" of the Second Amended Verified Complaint.

58.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "58" of the Second Amended Verified Complaint.

59.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "59" of the Second Amended Verified Complaint.

60.    Deny each and every allegation contained in Paragraph "60" of the Second Amended Verified Complaint.

61.    Deny each and every allegation contained in Paragraph "61" of the Second Amended Verified Complaint.

62.    Deny each and every allegation contained in Paragraph "62" of the Second

Amended Verified Complaint.

63.     Deny each and every allegation contained in Paragraph "63" of the Second Amended Verified Complaint.

64.     Deny each and every allegation contained in Paragraph "64" of the Second Amended Verified Complaint.

65.     Deny each and every allegation contained in Paragraph "65" of the Second Amended Verified Complaint and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

66.     Deny each and every allegation contained in Paragraph "66" of the Second Amended Verified Complaint and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

67.     Deny each and every allegation contained in Paragraph "67" of the Second Amended Verified Complaint.

68.     Deny each and every allegation contained in Paragraph "68" of the Second Amended Verified Complaint and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

69.     Deny each and every allegation contained in Paragraph "69" of the Second Amended Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70.     That any injuries and/or damages sustained by the Plaintiff, as alleged in the Verified Complaint therein, were caused in whole or in part by the contributory negligence, negligence *per se* and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of the answering Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71.     The Defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72.     Pursuant to CPLR § 4545, if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event, the answering Defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR § 4545.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

73.     Pursuant to CPLR Article 16, the liability of Defendant, if any, to the Plaintiff for non-economic loss is limited to his equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

74.     A.     The accident described in the Plaintiff's Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102(d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B.     The Plaintiff did not sustain a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

75.     That by entering into the activity in which the Plaintiff were engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76.     This action may not be maintained because of Plaintiff's failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77.     The Verified Complaint fails to state a cause of action, cognizable in equity or law against this answering Defendant and must therefore be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78.     The Plaintiff's Verified Complaint should be dismissed since the claims against Defendant is frivolous; and costs and attorneys' fees should be awarded to Defendant pursuant to CPLR §8303-a.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79.     Plaintiff is bound by the provisions of the Workers' Compensation Law of the State of New York and, by virtue of the statutes therein, contained is restricted and limited to recovery under the provisions of said Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

80.     The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

81.     The Plaintiff failed to use safety devices available to the Plaintiff at the time of the events alleged in the Plaintiff's Verified Complaint and the Plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

82.     The lawsuit was not commenced by the Plaintiff within the time prescribed by law

and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

83.     The answering Defendants bear no responsibility for the incident complained of,

which was caused entirely by the unforeseeable, superseding intervening acts of third parties over

which the answering Defendant exercised no control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

84.     There exists complete diversity of citizenship.

**WHEREFORE**, Defendants J.B. HUNT TRANSPORT SERVICES, INC., C & S

WHOLESALE GROCERS INC. and MIKE A TODD demands judgment dismissing the Second

Amended Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
        May 25, 2022

                                        Yours etc.,

                                        GALLO VITUCCI KLAR LLP

                                        _____
                                        By:      Heather C. Ragone, Esq.
                                        *Attorneys for Defendants*
                                        *J.B. HUNT TRANSPORT SERVICES, INC.,*
                                        *C & S  WHOLESALE GROCERS INC.*
                                        *and MIKE A TODD*
                                        90 Broad Street, Suite 1202
                                        New York, New York 10004
                                        (212) 683-7100
                                        Email: hragone@gvlaw.com

TO:     OFSHTEIN LAW FIRM, P.C.
        *Attorney for Plaintiff Ricardo Jeantilus*
        15 Bay 29th Street, 2nd Floor
        Brooklyn, New York 11214
        (718) 455-5252

**ATTORNEY VERIFICATION**

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is a member with the firm of GALLO VITUCCI KLAR LLP attorneys for Defendants J.B. HUNT TRANSPORT SERVICES, INC., C & S WHOLESALE GROCERS INC. and MIKE A TODD.

That she has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters she believes them to be true.

That the reason why this Verification is made by your deponent and not by the Defendants is that said party resides outside the county in which your deponent maintains her office.

That the source of your deponent's information and the grounds of her belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
       May 25, 2022

 

_____
HEATHER C. RAGONE

## AFFIDAVIT OF SERVICE

I hereby certify that on May 25, 2022, the County Defendants' Verified Answer to Second Amended Verified Complaint was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

OFSHTEIN LAW FIRM, P.C.
*Attorney for Plaintiff Ricardo Jeantilus*
15 Bay 29th Street, 2nd Floor
Brooklyn, New York 11214

_____
Heather C. Ragone

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Case No.: 1:22-cv-04211

RICARDO JEANTILUS,

                        Plaintiff,

        - against -

J.B. HUNT TRANSPORT SERVICES, INC., C & S WHOLESALE GROCERS INC.
AND MIKE A. TODD,

                        Defendants.

**VERIFIED ANSWER TO SECOND AMENDED VERIFIED COMPLAINT**

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*J.B. HUNT TRANSPORT SERVICES, INC., C & S WHOLESALE*
*GROCERS INC. AND MIKE A. TODD*
90 Broad Street, Suite 1202
New York, New York 10004
(212) 683-7100
Our File:  JBH.2022001
Email: hragone@gvlaw.com